UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT EUGENE SECORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06CV485(DDN) |
| ) | |
| ST. CHARLES COUNTH 11TH ) | |
| JUDICIAL CIRCUIT COURT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Robert Eugene Secord for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion for appointment of counsel. [Doc. #3]. The Court notes that while this case was under review, petitioner paid the $5 filing fee.

### The petition

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Liberally construing the petition, it appears that petitioner was convicted of burglary and stealing in the Circuit Court of St. Charles County, Missouri, in 1996. It appears that imposition or execution of sentence for these offenses was suspended and petitioner was placed on probation.

Some time later, petitioner was convicted of a criminal offense in Michigan. While confined in Michigan, it appears that a detainer was lodged against petitioner seeking his return to

Missouri for a probation violation.  Petitioner contends that he sought to dispose of this detainer in accordance with the Interstate Agreement on Detainers (IAD), but that Missouri officials did not comply with the provisions of the IAD. Consequently, petitioner contends that his current confinement in Missouri is illegal.

## Discussion

Title 28 U.S.C. § 2254 requires that petitioner exhaust his available state remedies before seeking federal habeas relief.  See 28 U.S.C. § 2254(b)(1).  The face of the petition clearly indicates that petitioner has not pursued his state remedies.  Petitioner does not contend that there is an absence of available state remedies to address his claims.  Nor does petitioner assert that circumstances exist that render such state remedies ineffective to protect his rights.  Therefore, the instant petition should be dismissed, without prejudice, because petitioner has failed to exhaust his available state remedies.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's application to proceed in forma pauperis [Doc. #1] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a show cause order shall not issue upon the petition because petitioner has not exhausted his available state remedies.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

An appropriate order shall accompany this memorandum and order.

Dated ___5th___ day of April, 2006.

                     /s/Donald J. Stohr
                     UNITED STATES DISTRICT JUDGE